UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raul R. Perez, et al., | No. 2:22-CV-00941-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| United States Department of Agriculture: Forest Service, | |
| Defendant. | |

Plaintiffs Raul and Brittany Perez and their minor children bring this wrongful death action under the Federal Tort Claims Act (FTCA) against defendant United States Department of Agriculture and its agency the Forest Service (USDA). Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), claiming plaintiffs did not exhaust administrative remedies before filing as statutorily required. Plaintiffs oppose, conceding they did not comply with the exhaustion requirement but arguing the requirement is not jurisdictional. Because this requirement is jurisdictional, the court **grants** the motion and dismisses the complaint without prejudice and without leave to amend.

I.  **BACKGROUND**

This case arises out of a tragic incident at the Schoolhouse Campground in Tahoe National Forest in Yuba County, California. Compl. ¶ 11, ECF No. 1. The Perez family was sleeping inside a tent at the campground on June 3, 2020, when a large tree broke off at the trunk

1

1   and fell onto their tent, causing severe head and chest injuries to 12-year-old A.P. and resulting in
2   his death.  *Id.*  It also caused significant injuries to 7-year-old N.R.P.'s leg and body.  *Id.*  The rest
3   of the Perez family, including parents Raul and Brittany and siblings C.A.P. and B.M.P.,
4   witnessed the tragedy.  *Id.*  Plaintiffs allege defendant owned the tree that fell onto their tent and
5   negligently failed to maintain the tree which caused death and injuries to their children.  *Id.* at
6   ¶ 13.

7          Less than three weeks after the campground incident, plaintiffs corresponded with
8   defendant.  Opp'n at 3.  Plaintiffs continued to communicate with defendant for the next several
9   months as they conducted their investigation, then submitted Standard Form 95 to the USDA on
10  November 30, 2021.  *Id.* at 3–4.  Plaintiffs shared additional information with the USDA upon
11  request beginning March 31, 2022, submitted an amended Standard Form 95 on April 18, 2022,
12  and received notice their claim was referred from USDA to the Office of General Counsel (OGC)
13  on May 27, 2022.  *Id*. at 4–5.  Meanwhile, due to concerns about the two-year statute of
14  limitations, plaintiffs filed this lawsuit on May 27, 2022, less than two months after submitting
15  the amended claim and nearly two years after the incident.  *Id*. at 5.

16         Plaintiffs bring this action under the FTCA, which requires that they have exhausted
17  administrative remedies with the defendant agency before filing their complaint in a federal
18  district court.  28 U.S.C. § 2675.  Under section 2675(a), a plaintiff must either receive a
19  conclusive written denial from the agency or wait six months without a final disposition before
20  filing suit; here, the USDA claims plaintiffs did neither.  Mot. at 3, ECF No. 18-1.  The USDA
21  argues the premature filing deprives the court of jurisdiction and moves to dismiss the complaint.
22  Mot. at 3–4.  Plaintiffs oppose, Opp'n at 8, ECF No. 22, and defendant has replied, Reply at 6,
23  ECF No. 24.[1]  The court submitted the motion without holding oral argument.  Min. Order, ECF
24  No. 25.

---

[1] Three days after defendant filed its motion to dismiss, plaintiffs filed a second lawsuit in this court with apparently identical factual allegations and claims.  *See generally* Compl., ECF No. 1, *Raul Perez v. U.S. Dep't of Agric. Forest Serv.*, No. 2:23-cv-00715-KJM-AC.  This court related the second lawsuit to this action.  *See* Related Case Order, ECF No. 26.  Although the parties discuss the viability of this second lawsuit in their briefs, *see* Opp'n at 14–16; Reply at 10 n.6, the court will address that issue when and if it is properly raised.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. In every case, the threshold question federal courts must answer affirmatively is whether they have jurisdiction. *United Invs. Life. Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). An "objection that a federal court lacks subject-matter jurisdiction . . . may be raised . . . at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). The party asserting jurisdiction bears the burden of establishing the court has jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In determining the court's jurisdiction, the court looks to the original complaint. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). "Subject matter jurisdiction must exist as of the time the action is commenced." *Id.* A district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

As noted, plaintiffs sue under the FTCA. Compl. ¶ 12. Section 2675(a) requires plaintiffs exhaust all administrative remedies before filing suit, 28 U.S.C. § 2675(a), including by submitting the Standard Form 95, 28 C.F.R. § 14.2(a). Plaintiffs may not file a lawsuit until they receive a final denial of their claim or until six months has elapsed from the claim's filing date. *Id*. The Supreme Court has interpreted this statutory mandate as jurisdictional and, as such, it cannot be waived. *McNeil v. United States*, 508 U.S. 106, 111, 113 (1993); *see also Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Here, plaintiffs did not wait to file their complaint until they received a denial notice or for six months after they submitted Standard Form 95. Therefore, plaintiffs filed this lawsuit prematurely and the action is barred by section 2675(a).

Plaintiffs claim the statutory exhaustion requirement is not jurisdictional. Opp'n at 8. They point out that in the decades following *McNeil*, the Supreme Court has recognized several other exhaustion requirements and statutes of limitations as non-jurisdictional. *Id.* (citing *United States v. Wong*, 575 U.S. 402 (2015)) (holding two-year statute of limitations under 28 U.S.C. § 2401(b) is not jurisdictional and thus eligible for equitable tolling). Moreover, in *Arbaugh*, the

3

1  Court included dicta about its evolution from construing exhaustion requirements and time bars as
2  strictly jurisdictional to non-jurisdictional.  546 U.S. at 510.

3  However, the Court has not overruled its prior decision regarding the jurisdictional nature
4  of section 2675(a).  *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *McNeil*, 508 U.S. at 111,
5  113).  Nor has the Ninth Circuit wavered in following *McNeil* and its progeny, despite what
6  appears to be a developing circuit split.  *See, e.g.*, *Oliver v. Mihelic*, 2023 WL 3600022, at *1 (9th
7  Cir. May 23, 2023) (mem.) (unpub.) (citing *Brady v. United States*, 211 F.3d 499, 502–03 (9th
8  Cir. 2000)); *compare Copen v. United States*, 3 F.4th 875, 882 (6th Cir. 2021) (declining to follow
9  *McNeil*'s interpretation of § 2675(a)), *with Coleman v. United States*, 912 F.3d 824, 834 (5th Cir.
10 2019) (holding exhaustion "'is a jurisdictional requisite to the filing of an action under the
11 FTCA'" (quotation omitted)), *and Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011)
12 (same); *see also Kucera v. United States*, No. 21-2123, 2022 WL 1112985, at *2 n.4 (10th Cir.
13 Apr. 14, 2022) (acknowledging conflicting holdings among circuits regarding 2675's
14 jurisdictional standard).  Moreover, although the Supreme Court has generally reversed course in
15 construing exhaustion requirements and time prescriptions as jurisdictional, *see Arbaugh*,
16 546 U.S. at 510, the current circuit split highlights some differences between section 2675(a) and
17 those other federal statutes, including the FTCA's waiver of sovereign immunity, *see Mader*,
18 654 F.3d at 807 (explaining exhaustion requirement is a term of United States' waiver of
19 sovereign immunity and therefore defines federal courts' jurisdiction over FTCA actions).

20 In light of the Supreme Court precedent, and binding Ninth Circuit authority, plaintiffs'
21 arguments are unpersuasive.  To the extent they point to other Ninth Circuit cases, those cases
22 interpret other statutes.  Opp'n at 10–11 (citing *Forester v. Chertoff*, 500 F.3d 920 (9th Cir. 2007)
23 (interpreting Age Discrimination in Employment Act); *Naton v. Bank of Cal.*, 649 F.2d 691 (9th
24 Cir. 1981) (interpreting Title VII of the Civil Rights Act of 1964).  Because the court finds it has
25 no jurisdiction over the case, it does not reach plaintiffs' other arguments.  *See, e.g.*, Opp'n at 10
26 (claiming equitable tolling preserves plaintiffs' claims).  As a result, the court **grants** defendant's
27 motion to dismiss.

The court may dismiss a complaint without leave to amend if amendment would be futile. *Hooper v. Shinn*, 985 F.3d 594, 622 (2021), *cert. denied*, 142 S. Ct. 1376 (2022).  Here, because the court does not have jurisdiction, plaintiffs cannot cure this issue by amending their complaint.  Moreover, permitting amendment to allow a suit filed prematurely to proceed would render the exhaustion requirement "meaningless." *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 255 (E.D. Cal. 1993); *see also McNeil*, 508 U.S. at 113.

### IV. CONCLUSION

In sum, because the exhaustion requirements imposed by 2675(a) are jurisdictional and plaintiffs did not comply with those requirements, the court does not have jurisdiction over this case.  The court **grants** defendant's motion to dismiss without leave to amend; the complaint is dismissed without prejudice.  The Clerk of Court is directed to **close** this case.

This order resolves ECF No. 18.

IT IS SO ORDERED.

DATED: July 19, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE